DANAHY, Chief Judge.
The appellant challenges his convictions and sentences for sale of a controlled substance and possession of a controlled substance with intent to sell. We find no merit to the appellant’s challenge insofar as his convictions are concerned.
The appellant’s sentences, however, must be reversed. At the sentencing hearing, the trial judge stated the following:
I am going to ... give you two concurrent five-year probations, consecutive to any sentences that you receive right now, which means that the sentences that you are already under, you’ll go do those sentences. You’ll be released. And you’ll go on the five-years probation on two felonies....
The trial judge then entered written sentences in accordance with his oral pronouncement. Later, however, the trial judge apparently concluded that the written sentences did not conform to his oral pronouncement and he entered “corrected” sentences imposing concurrent terms of five years imprisonment. A written sentence must not vary from the trial judge’s oral pronouncement. Swanson v. State, 399 So.2d 469 (Fla. 2d DCA 1981). Accordingly, we reverse the sentences imposed in this case and remand for resentencing consistent with the trial judge’s oral pronouncement at the sentencing hearing.
Reversed and remanded for resentenc-ing.
SCHOONOVER and FRANK, JJ., concur.